## MARTIN v. DYER.

(Court of Civil Appeals of Texas. Feb. 21, 1912. Rehearing Denied March 27, 1912.)

1. APPEAL AND ERROR (§ 1068*)—REVIEW—HARMLESS ERROR.

An erroneous charge is not reversible error, where the verdict, in connection with the undisputed testimony, shows that the jury did not find for the prevailing party under that charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL TO REPEAT.

A refusal to charge that the burden in on plaintiff to prove that the contract sued on was as he alleged in his petition was not error, where the court had already charged that the burden was on plaintiff to make out his case by a preponderance of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**3. APPEAL AND ERROR (§ 1068*)—REVIEW—HARMLESS ERROR.**

In an action for commissions on a sale, where there was a dispute whether an indebtedness was to be deducted from the amount on which the commissions were to be computed, a refusal to charge that the plaintiff had the burden of establishing his theory of the contract was harmless, where the jury found the contract to be as contended by defendant, although they did not deduct all of the indebtedness which he claimed should be deducted, since it was within the discretion of the jury to accept his testimony as to the rate of commissions and disregard it as to the amount of indebtedness, and a charge that they should deduct the entire indebtedness would have been a charge on the weight of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

**4. TRIAL (§ 339*)—VERDICT—CORRECTION—INSTRUCTION.**

In an action for commissions on a sale of land and live stock, where the jury had brought in a verdict for a percentage of the value of the land and part of the live stock, and a sum per head for the balance of the live stock, a further instruction that they should include in their verdict the total amount of commissions on the land and on each class of live stock was not a charge on the weight of evidence, and did not deprive the defendant of his right to have the jury consider the case on the merits, since the jury already had arrived at a decision on the merits, and it was proper for the court to require them to supply the omissions in their verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 791–794; Dec. Dig. § 339.*]

**5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT.**

An assignment of error will not be reviewed where the proposition under such assignment is not supported by the statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, McCulloch County; Jno. W. Goodwin, Judge.

Action by R. D. Dyer against John Martin. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellee brought this suit against appellant, seeking to recover commissions as a real estate broker for the sale of certain lands, horses, cattle, and sheep belonging to appellant; his claim aggregating $3,100.19. There was a jury trial, which resulted in a verdict and judgment for appellee for $1,-441.69, and appellant has brought the case to this court for revision. The trial court instructed the jury as follows:

"Gentlemen of the jury, there is no issue between the plaintiff and defendant as to the commission on the sheep and cattle. You will therefore find for plaintiff $158.65 commission on the sheep and $342 commission on the cattle.

"(2) The only disputed issues for your decision relate to the commission on the sale of the horses and land, and with reference to these you are instructed:

"(3) That if you believe from the evidence that, by the terms of the contract between plaintiff and defendant, defendant promised and agreed to pay plaintiff 5 per cent. commission on the sale of the horses, then you find for plaintiff an amount equal to 5 per cent. on the price for which the horses were sold by defendant to Souther.

"(4) Or, if you believe from the evidence that by the terms of the contract between plaintiff and defendant that it was mutually agreed by and between them that the commission plaintiff should receive for the sale of the horses was 2½ per cent., then you will find for plaintiff 2½ per cent. of the price for which the horses were sold by defendant to Souther.

"(5) Or if from the evidence you believe by the terms of the contract between plaintiff and defendant it was mutually understood and agreed by and between them that plaintiff was to receive 25 cents a head for the sale of the horses, then, in that event, you should find for plaintiff 25 cents a head for each head of horses or mules sold by defendant to Souther. With reference to the land you are instructed:

"(6) That if you believe from the evidence that, by the terms of the contract between plaintiff and defendant, it was mutually understood and agreed by and between them that plaintiff was to receive a commission of 5 per cent. on the amount for which the land was sold to Souther, then it will be your duty to find for plaintiff an amount equal to 5 per cent. of the amount of such sale.

"(7) But if from the evidence you believe that by the terms of the contract between plaintiff and defendant it, was the understanding and agreement between them that plaintiff should receive 5 per cent. on the difference between the price for which the land was sold to Souther and the indebtedness of defendant on the land, sheep, cattle, and horses, then you will find for plaintiff 5 per cent. on such difference.

"(8) But if from the evidence you find that, by the terms of the contract between plaintiff and defendant, it was mutually understood and agreed between them that plaintiff was to receive a commission of 5 per cent. on the difference between the price for which the land was sold and what was owing to the state on school lands, then it will be your duty to find for plaintiff 5 per cent. on such difference.

"(9) Or, if from the evidence in this case you believe that by the terms of the contract between plaintiff and defendant it was mutually understood and agreed by and between them that the compensation which plaintiff was to receive for the sale of said land should be 2½ per cent. commission on the price for which said land was sold by defendant to Souther, then it will be your duty to find for plaintiff a sum equal to 2½ per cent. of such amount.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

"(10) But if from the evidence in this case you believe that by the terms of the contract between plaintiff and defendant it was mutually agreed by and between them that the compensation plaintiff should receive for the sale of the land was a commission of 2½ per cent. on the difference between the price for which the land was sold to Souther and defendant's indebtedness on the land, sheep, cattle, and horses, then it will be your duty to find for plaintiff an amount equal to 2½ per cent. of such difference.

"(11) But if you should believe from the evidence that, by the terms of the contract between plaintiff and defendant, it was mutually agreed and understood by and between them that the compensation plaintiff should receive for the sale of the land was 2½ per cent. on the difference between the price for which the land was sold to Souther and the indebtedness of the defendant to the state on the school land, then you will find for plaintiff 2½ per cent. of such difference.

"You are instructed that the burden of proof in this case is upon the plaintiff to make out his case by a preponderance of the evidence.

"You are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their evidence, but the law which is contained in this charge and any special charges given you must receive from the court and be governed thereby."

Snodgrass & Dibrell & Adkins, of Coleman, for appellant. J. E. Shropshire and F. M. Newman, both of Brady, for appellee.

KEY, C. J. (after stating the facts as above). [1] The first assignment urges that the court erred in giving in charge to the jury paragraph 6 of its charge. Under that assignment, two propositions are submitted; the one asserting that it is error to submit to the jury an issue not raised by the pleadings and evidence, and the other asserting that the evidence tendered by the plaintiff being that the contract was for 5 per cent. on the amount for which the land sold, less indebtedness due the state, and the defendant tendered evidence tending to show that it was only 2½ per cent., less the indebtedness due on the land and stock, it was the duty of the court to confine the jury to a consideration of these issues and no others. The jury itemized their verdict, and allowed appellee the following amounts: On land, $882.54, on horses, $58.50, on cattle, $342, on sheep, $158.65, making a total of $1,-441.69. An analysis of the undisputed evidence demonstrates the fact that the jury did not allow the plaintiff a commission of 5 per cent. on the land, but allowed him 2½ per cent. on the agreed price of the land, after deducting the amount of purchase money appellant was owing therefor. Therefore, if error could be pointed out in the sixth paragraph of the charge, it would now be harmless; it being manifest that the jury did not find for the plaintiff under that paragraph. However, we perceive no affirmative error in the paragraph referred to, nor in any other portions of the charge.

Under other assignments similar objections are urged to the ninth, tenth, and eleventh paragraphs of the charge, all of which are regarded as untenable, and are overruled.

[2, 3] Appellant requested, and the court refused to give, a special charge instructing the jury that the burden of proof was not upon the defendant to prove that the contract was as contended by him, but rested upon the plaintiff to prove that the contract was such as he alleged in his petition, and that, if the plaintiff had failed to prove the case as alleged, the jury should find in accordance with the defendant's contention, and the refusal of that instruction is assigned as error. We overrule that assignment for two reasons: First, the court's charge on the burden of proof was sufficient; and, second, the verdict, considered in connection with the undisputed testimony, demonstrates the fact that the jury did not allow a commission of 5 per cent. upon the sale of the land, as claimed by the plaintiff, but adopted the defendant's contention as to the rate of the commission. It is true the jury did not deduct from the price of the land all of the defendant's indebtedness, which he testified was the agreement between him and the plaintiff, but they did deduct the amount of his indebtedness for the land. They had the right to accept the defendant's testimony as to the rate of commission, and to reject his testimony as to the amount that was to be deducted from the price of the land; and it appears that they did this, and it would have been error for the court to have instructed them that, if they rejected the plaintiff's testimony as to the rate of commission, they must in applying the 2½ per cent. rate deduct all the defendant's indebtedness, including that upon live stock, as well as on the land. Such a charge would have constituted a comment upon the weight of testimony, and would have invaded the exclusive province of the jury.

[4] The jury tendered to the court a verdict which read as follows: "We, the jury, find for the plaintiff 2½ per cent. on all the land, less the amount due the state and 2½ per cent. on horses, 5 cents per head on sheep, 25 cents per head on all cattle. We also agree that R. D. Dyer have interest on amount at 10 per cent. from October 1, 1911, also defendant pay cost of suit. Foreman, E. A. G. Broad." The court refused to accept the verdict in that form, and gave the jury the following instruction, omitting formal parts: "You are instructed that you will state in your verdict, in addition to what it now contains the amount of commission.

on the sheep, the amount on the cattle, the amount on the land as you may find the same, no question of interest was submitted to you, and you will not find on the question of interest. In stating the amount of commission on each item, state it separately." The jury then retired, and afterwards returned the verdict, which was accepted and made the basis of the judgment, and which reads as follows: "We, the jury, find for plaintiff, commission on land, $882.54; commission on horses, $58.50; commission on cattle, $342; commission on sheep, $158.65. E. A. G. Broad, Foreman." The giving of the charge last quoted is assigned as error; the contention being that it was upon the weight of testimony, and deprived the defendant of the right to have the jury further consider the case upon the merits. We hold that no error was committed in giving this charge. The first verdict shows clearly that the jury had decided the case upon its merits in favor of the plaintiff, but it was defective because it did not state the several amounts allowed, and it was proper for the court to require the jury to supply that omission. Upon the subject of interest the charge complained of was in appellant's favor, and resulted in a verdict which did not allow the plaintiff to recover anything as interest.

There are some assignments relating to rulings made upon the admissibility of testimony; but, without discussing them in detail, we hold that they fail to point out reversible error.

[5] We also overrule the assignment which complains of the action of the court in not sustaining a special exception to the plaintiff's petition. The last three assignments complain of the third, fourth, and fifth paragraphs of the court's charge; the proposition submitted under each assignment being: "It is error for the court to charge on an issue not raised by the evidence." We overrule these assignments, because the statement of facts does not support the proposition urged.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.